The HEREFORD INDEPENDENT
SCHOOL DISTRICT

v.

Griffin B. BELL, Attorney General of
the United States.*

Civ. A. No. 2–77–14.

United States District Court,
N. D. Texas.

June 2, 1978.

Richard E. Green, Witherspoon, Aikin &
Langley, Hereford, Tex., for Hereford Ind.
School Dist.

Gerald W. Jones, Alexander M. Peters,
Civ. Rights Div., U. S. Dept. of Justice,
Washington, D. C., for Griffin B. Bell.

Joaquin G. Avila, San Antonio, Tex., for
Arturo Gomez et al.

Lev Hunt, Kleberg, Mobley, Lockett &
Weil, Corpus Christi, Tex., Robert D. No-
gueira, City Atty., City of Beeville, Beeville,
Tex., Gerald W. Jones, Carmen L. Jones, U.
S. Dept. of Justice, Washington, D. C., John
L. Hill, Atty. Gen. of Tex., Lonny F. Zwien-
er, Asst. Atty. Gen. of Tex., Austin, Tex., J.
A. Canales, Corpus Christi, Tex., for John
W. Galloway et al.

Gerald W. Jones, S. Michael Scadron, U.
S. Dept. of Justice, Washington, D. C., for
the U. S. in 77–487.

Joe J. Newman, Houston, Tex., for Bd. of
Trustees of Trinity Ind. School Dist. et al.

C. Houston Abel, Asst. U. S. Atty., Tyler,
Tex., Gerald W. Jones, Michael H. Corley,
U. S. Dept. of Justice, Civ. Rights Div.,

* Consolidated with the following;
   *U. S. v. Board of Trustees of Trinity Indepen-
dent School Dist.*, H–77–487; *U. S. v. Interim
Board of Trustees of Westheimer Independent
School Dist.*, H–77–121; *Gomez v. Galloway*,
76–C–146; *U. S. v. Board of Trustees of Mid-
land Independent School Dist.*, MO–77–CA–17;

*U. S. v. Board of Trustees of Hawkins Indepen-
dent School Dist.*, TY–77–81–CA; *Coalition to
Preserve Houston v. Interim Board of Trustees
of Westheimer Independent School Dist.*, H–
77–92; and *U. S. v. Board of Trustees of Chap-
el Hill Independent School Dist.*, 77–137–CA.

Washington, D. C., for the U. S. in TY–77–81–CA.

Charles H. Clark, Tyler, Tex., for defendants Bd. of Trustees of Hawkins Ind. School Dist. et al. and amicus curiae.

Gerald W. Jones, U. S. Dept. of Justice, Civ. Rights Div., Washington, D. C., Hugh P. Shovlin, Asst. U. S. Atty., San Antonio, Tex., for the U. S. in MO–77–CA–17.

Charles Tighe, Midland, Tex., for Bd. of Trustees of Midland Ind. School Dist. et al.

Gerald W. Jones, David H. Hunter, U. S. Dept. of Justice, Washington, D. C., C. Houston Abel, Asst. U. S. Atty., Tyler, Tex., for the U. S. in TY–77–137–CA.

John R. Brumbelow, Tyler, Tex., for Bd. of Trustees of Chapel Hill Ind. School Dist. et al.

William Pannill, Houston, Tex., for Coalition to Preserve Houston et al.

James Ross, Ross, Griggs & Harrison, Houston, Tex., for Interim Bd. of Trustees, etc., et al.

Gerald W. Jones, Paul F. Hancock, Civ. Rights Div., U. S. Dept. of Justice, Washington, D. C., Anna E. Stool, Asst. U. S. Atty., Houston, Tex., for the U. S. in H–77–121.

Joseph G. Werner, Dallas, Tex., amicus curiae for all cases (For Texas City Attys. Ass'n).

Tom R. Doyal, Phillip J. Tyler, Austin, Tex., for Texas Ass'n of School Boards.

Before GOLDBERG, Circuit Judge, and WOODWARD and HIGGINBOTHAM, District Judges.

## MEMORANDUM AND ORDER

■ The decision and opinion of The United States Supreme Court in *United States of America v. Commissioners of Sheffield, Alabama, et al.*, 435 U.S. 110, 98 S.Ct. 965, 55 L.Ed.2d 148 (1978), disposes of the threshold question in these consolidated cases. This court therefore holds that municipalities and school districts in the State of Texas are "political subdivisions" as that term is defined in Section 14(c)(2) of the Voting Rights Act of 1965, as amended. As such these entities are subject to the provisions of Section 5 of the Act when said entities enact or seek to administer any voting qualification or prerequisite to voting, or standard, practice, or procedure, with respect to voting different from that in force or effect on November 1, 1972.

■ Further this court is of the opinion that the application of Section 5 of the Act, as amended, to the municipality and school districts involved in the case *sub judice* is not retroactive in effect, and thus not violative of the ex post facto provision of Article I, § 9 of the United States Constitution or the due process clauses of the Fifth and Fourteenth Amendments. It is contended that the changes in the respective election procedures were enacted subsequent to November 1, 1972 but prior to August 6, 1975 (the date the Act became applicable to the State of Texas), and therefore these particular changes could be implemented without compliance with Section 5 of the Act. The theory is that Section 5 of the Act did not become applicable to these entities until after their election procedures were changed, therefore any enforcement of that section as to them is necessarily retroactive. This court cannot agree.

Section 5, by its terms, prohibits a political subdivision from enacting or *seeking to administer* any voting change different from that in effect on November 1, 1972 without first obtaining "preclearance" from the Attorney General or a declaratory judgment from the District Court of the District of Columbia declaring that such a change does not have the purpose or effect, *inter alia*, of denying or abridging the right to vote on account of race or color. Prohibiting political subdivisions from administering a voting change, that is, conducting an election pursuant to election changes enacted after November 1, 1972 but before the date of the applicability of the Act to such political subdivisions, does not have the effect of applying Section 5 retroactively, but rather such prohibition is prospective for the reason that such political subdivisions are prohibited only from conducting elec-

tions pursuant to such enactments in the future, and no past actions are proscribed.

Therefore the court finds that the municipality and school districts herein should be permanently enjoined from conducting elections under the changed procedures until and unless, with respect to the election procedures enacted after November 1, 1972, these entities comply with Section 5 of the Voting Rights Act of 1965, as amended.

Nothing herein shall be construed as invalidating any actions, which were otherwise lawful, taken or performed prior to this date by any officials heretofore elected to office in elections conducted pursuant to election procedures enacted by these entities after November 1, 1972.

The attorneys in each of the cases which have been consolidated under the above number will confer with opposing counsel and counsel for the United States will prepare and submit proposed judgments in each case not inconsistent with this opinion and which judgments shall provide, where applicable, the following:

1. A declaration that the Voting Rights Act of 1965 applies to school districts and municipalities in the State of Texas.

2. That the Voting Rights Act of 1965 is applicable even though the change in election procedures was enacted by the governing board before the date that the Act became effective to Texas and subsequent to November 1, 1972.

3. The injunctions in the *Gomez v. Galloway* and *Hawkins Independent School District* cases will be made permanent.

4. The court refuses to certify any class action in *Gomez v. Galloway*, No. 76–C–146, and finds that a reasonable attorney's fee that defendants are required to pay to the attorneys for plaintiffs in this case is the sum of $7,500.00 which is here ordered to be paid by defendants to said attorneys in this case.

5. In the *Midland* and *Hereford* cases a permanent injunction will be entered prohibiting these entities from seeking to administer or holding any further election under the changed voting procedures enacted by these entities subsequent to November 1, 1972 until and unless all of the provisions of the Voting Rights Act of 1965 are complied with.

6. Any other relief requested and prayed for is denied except that as specifically set forth above.